UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BOBBIE JO SCHOLZ,

        Plaintiff,

        v.                                  Case No. 19-cv-1074

UNITED STATES OF AMERICA and
SECRETARY HEALTH AND HUMAN
SERVICES,

        Defendants.

## DECISION AND ORDER

Plaintiff Bobbie Jo Scholz brought this action against the United States of America and the Secretary of Health and Human Services, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et. seq.*, alleging that Defendants were negligent and committed professional malpractice in connection to medical care provided to Plaintiff by the Department of Veterans Affairs (the VA). Plaintiff further asserts that her legal right to bring claims under the FTCA was denied because the VA negligently failed to provide her with copies of her medical records in response to multiple requests and misrepresented various procedural aspects of the claims process. Defendants filed a motion to dismiss asserting that the case should be dismissed because it violates the rule against claim splitting. Dkt. No. 11. For the following reasons, Defendants' motion to dismiss will be granted, and the case will be dismissed.

## BACKGROUND

This is not Plaintiff's first day in federal court. *See Scholz v. United States of America*, Case No. 2:16-CV-1052 (*Scholz I*). Because Defendants assert that the instant lawsuit (*Scholz II*)

violates the rule against claim splitting, a discussion of both cases is required. As such, this court will take judicial notice of *Scholz I* in determining whether to dismiss *Scholz II* on claim splitting grounds. *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) (recognizing that a district court may take judicial notice of matters in the public record without converting a motion to dismiss into a motion for summary judgment). Thus, the court begins with a discussion of *Scholz I*.

**A.  *Scholz I***

In August 2016, Plaintiff filed her first lawsuit, *Scholz I*, in the Milwaukee division of the Eastern District of Wisconsin. Similar to the instant suit, Plaintiff alleged that the United States committed negligence and professional malpractice in the course of Plaintiff's treatment by the VA. Factually, *Scholz I* alleges that, beginning in 2011, Plaintiff was treated for mental health issues by the Tomah VAMC, and that she was prescribed as many as sixteen medications at once. The complaint further avers that Plaintiff required bilateral breast reduction surgery, and that no informed consent was obtained by the operating surgeons despite Plaintiff's alleged severe mental health symptoms, and that various surgical complications arose following the surgery, requiring four additional corrective surgeries. Plaintiff also alleged that Defendants failed to timely provide Plaintiff with copies of her Tomah VAMC records, despite formal requests to do so.

In May 2019, Magistrate Judge Duffin, to whom that case was first assigned, granted the United States' motion for partial summary judgment "with respect to [Plaintiff's] claims involving inappropriate treatment and outpatient medications from the Tomah VAMC" and denied Plaintiff's motion for summary judgment on her informed consent and negligence claims relating to her mental health treatment. *See* Dkt. No. 12-6. Plaintiff's remaining claims were set to be tried in March 2020 before Circuit Judge Michael Scudder, who accepted reassignment after Magistrate

2

Judge Duffin recused himself, but the trial was suspended due to COVID-19 concerns. *Scholz I* will proceed to trial on Plaintiff's remaining claims once a new trial date is scheduled.

**B.** *Scholz II*

In March 2020, Plaintiff filed the instant suit with this court, alleging medical negligence; pharmacy and oversight negligence; negligent failure to obtain informed consent, negligent failure to maintain and release accurate and complete medical records; negligent hiring, training, supervision and retention; and misrepresentation by the Department of Veterans Affairs, and naming the United States and the Secretary of Health and Human Services as defendants. The incidents allegedly arise out of Plaintiff's treatment at various VA outpatient clinics located in Appleton, Green Bay, and Cleveland, Wisconsin.

Plaintiff's amended complaint alleges that, during the course of her treatment at the clinics listed above, Plaintiff was prescribed unsafe medication combinations on at least twenty-five occasions during the years 2011 through 2018. Plaintiff further alleges that she was never informed of the risks and benefits of the medications, and that VA staff took no action to stop the unsafe treatment of Plaintiff. Plaintiff alleges that she was unaware of these facts until Plaintiff's pharmacy records were produced on August 1, 2018. Finally, Plaintiff alleges that the VA negligently failed to provide Plaintiff with copies of her medical records in response to repeated requests, and that the VA misrepresented certain legal mandates for filing suit in *Scholz I*.

## ANALYSIS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint to state a claim upon which relief can be granted. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations as true and draw all inferences in the light

3

most favorable to the non-moving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368–69 (7th Cir. 1997); *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991).

### A. Claim Splitting

Defendants argue that the instant suit is duplicative of *Scholz I* and is barred by the rule against claim splitting. As an initial matter, Plaintiff maintains that Defendants have "waived" the arguments advanced in their briefs. But Defendants have not waived anything. Defendants raised their claim splitting argument at the first possible opportunity, when Plaintiff made the decision to split her claims into separate suits, i.e., when she filed this lawsuit. Defendants were not required to lodge some sort of preemptive objection in *Scholz I* to preserve their claim splitting defense in the instant suit. *See Walczak v. Chicago Bd. Of Educ.*, 739 F.3d 1013, 1019 (7th Cir. 2014). The court will now turn to the merits of Defendants' motion.

The doctrine of claim splitting is "related to, but distinct from, the doctrine of claim preclusion." *Roumann Consulting Inc. v. Symbiont Construction, Inc.*, Case No. 18-C-1551, 2019 WL 3501527, at *6 (E.D. Wis. Aug. 1, 2019). While both doctrines serve to promote judicial economy and shield parties from vexatious litigation, "claim splitting is more concerned with the district court's comprehensive management of its docket, whereas claim preclusion focuses on protecting the finality of judgments." *Id.* Notwithstanding these differences, claim splitting draws on the law of claim preclusion when determining whether the second lawsuit should be dismissed. Claim preclusion applies where there is (1) an identity of the parties in the two suits; (2) a final judgment on the merits in the first; and (3) an identity of the causes of action. *Barr v. Bd. of Trustees of W. Illinois Univ.*, 796 F.3d 837, 840 (7th Cir. 2015).

First, the court finds that there is an identity of the parties in the two suits, as both lawsuits involve Plaintiff and the United States. The fact that the United States is always the defendant in

4

an FTCA case and that *Scholz II* is proceeding against allegedly different actors, as Plaintiff argues, is of no consequence. *See Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03 (1940) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government."); *Esteves v. Nabers*, 219 F.2d 321, 323 (5th Cir. 1955) ("[T]he government, its officers, and its agencies are regarded as being in privity" for purposes of res judicata.). In short, the first element of claim splitting is satisfied here.

The second element, which requires that a final judgment on the merits be entered in the first case, is assumed satisfied for the purposes of claim splitting. *See Roumann Consulting*, 2019 WL 3501527, at *6. Plaintiff argues that this element will not be satisfied until the trial in *Scholz I* is completed and a final judgment has been entered. But Plaintiff concedes that "[c]ourts will dismiss a second suit pending between the same parties for claim splitting if the second suit would be barred by claim preclusion *if it is assumed* the first suit reached final judgment." *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 10-C-715, 2011 WL 3157304, at *3 (N.D. Ill. July 26, 2011) (emphasis added); *see also Roumann Consulting*, 2019 WL 3501527, at *6 ("[T]he test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit." (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011))). Because this lawsuit would be barred if it is assumed that the first suit reached final judgment, the second element, that there is a final judgment on the merits in *Scholz I*, will be assumed satisfied.

The final element, that there is an identity of the causes of action between the two suits, is also satisfied. This element turns on whether "the claims arise out of the same set of operative facts or the same transaction." *Matrix IV, Inc. v. American Nat. Bank and Trust Co. of Chicago*,

5

649 F.3d 539, 547 (7th Cir. 2011). It is immaterial whether the claims are based on different legal theories; the "two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Herrmann v. Cencom Cable Assocs.*, 999 F.2d 223, 226 (7th Cir. 1993). Thus, it must be determined whether the claims in *Scholz I* and *Scholz II* arise from the same set of operative facts.

Plaintiff argues that the two suits have "different and distinct operative facts." Dkt. No. 13 at 11. Specifically, she asserts that *Scholz I* arises from her failed breast surgery treatment in 2012, which, in turn, arose from the negligent mental health treatment she received in 2011 at the Tomah VAMC. *Scholz II*, Plaintiff claims, arises from negligent outpatient mental health treatment rendered in various VA clinics after her discharge from the Tomah VAMC, starting in 2013 and ending in 2018. This attempt to separate the events in *Scholz I* and *Scholz II* is little more than arbitrary line drawing. Plaintiff's own summary judgment materials from *Scholz I* make frequent mention of Plaintiff's treatment after 2012 and acknowledge the fact that Plaintiff and her experts believed that the outpatient treatment was a continuation of the negligent treatment that began in Tomah. Those materials include proposed statements of fact and declarations from medical professionals, many of which make reference to the events contained in this lawsuit. *See* Dkt. No. 12. For example, Plaintiff's Proposed Statement of Facts in *Scholz I* describes the twenty-five occasions in which unsafe medication combinations were prescribed to Plaintiff. Dkt. No. 12-3, ¶ 37. Additionally, in that same document, Plaintiff repeats the testimony of her expert witnesses, who allege that Defendants provided unsafe combinations of medications to Plaintiff and failed to obtain informed consent during her "on-going outpatient mental health treatment." *Id.* at ¶¶ 46–47; *see also* Dkt. No. 12-4, ¶ ¶ 14–18. These statements are essentially identical to the alleged facts contained in Plaintiff's amended complaint in the instant suit. *See* Dkt. No. 10, ¶ ¶ 29–36.

Now, Plaintiff attempts to argue that these events were not continuous and instead are "different and distinct" instances. But Plaintiff has provided little to no analysis as to how these events are "distinct" from one another, let alone how they derive from a different set of core operative facts. Plaintiff's attempt to divide the events that occurred between 2011 and 2018 into two separate treatment timelines does not shield her from the rule against claim splitting. The claims in the instant suit are based on the same, or nearly the same, factual allegations that were advanced in *Scholz I*. Both suits arise out of Plaintiff's treatment at various VA locations from 2011 and 2018, and both suits make mention of the same alleged incidents. Plaintiff, in both suits, makes mention of her treatment for mental health issues, her bilateral breast reduction surgery, the unsafe prescribing of medications, and improper record handling. These similarities cannot be overcome by arbitrarily splitting the treatment timeline.

Plaintiff argues further that she could not have amended her complaint in *Scholz I* to include the allegations contained in the instant suit. She notes that, when the allegations that are part of the instant suit were discovered during *Scholz I*, it was beyond the time limit for amending the complaint. Regardless of the deadline, Plaintiff made no attempt to ask the *Scholz I* court for leave to amend her complaint to include the newly discovered allegations. Instead, Plaintiff immediately pursued the litigation strategy that the doctrine of claim splitting is intended to prevent: she pursued "two actions on the same subject in the same court, against the same defendant at the same time." *Elmhurst Lincoln–Mercury, Inc. Emps., 401(k) Profit Sharing Plan & Tr. v. Mears*, 215 F. Supp. 3d 659, 665 (N.D. Ill. 2016).

Plaintiff had another option. Rule 15 of the Federal Rules of Civil Procedure mandates that courts "freely give leave" for an amendment when justice so requires, and Rule 16(b)(4) provides that a scheduling order can be modified for good cause and with the judge's consent.

7

Plaintiff could have moved for leave to amend her complaint to include the new claims. If that motion was denied, her avenue of redress would have been to appeal the decision, not file an entirely new lawsuit in a different division of this court. *See Elmhurst Lincon–Mercury*, 215 F. Supp. 3d at 668.

Second, Plaintiff argues that the FTCA's administrative requirements prevented her from amending her complaint. Plaintiff correctly points out that 28 U.S.C. § 2675 requires that administrative remedies be exhausted before filing suit, but she ignores the Seventh Circuit's guidance in similar cases noting that "the requirement to exhaust administrative remedies is no excuse for claim splitting." *Barr*, 796 F.3d at 840. Indeed, Plaintiff had a variety of options in navigating this issue, including asking that the administrative agency expedite the process, that the district court stay the first case pending the administrative process, or that the defendant agree to split a claim into two or more suits. *See Palka v. City of Chicago*, 662 F.3d 428 (7th Cir. 2011). Plaintiff did not pursue any of these alternatives.

Plaintiff claims that Defendants have "unclean hands" because they allegedly failed to provide Plaintiff with outpatient pharmacy records until two days prior to the discovery deadline in *Scholz I*. Based on these alleged discovery violations, Plaintiff asks the court to enter judgment for Plaintiff as a sanction for Defendants' conduct. As an initial matter, Plaintiff offers no evidence that Defendants have engaged in any misconduct, and even if she had, Plaintiff's remedy would be to seek sanctions with the court in *Scholz I*, not file an entirely new lawsuit in another division of the same court. *See, e.g.*, *Jones v. General Motors Corp.*, 24 F. Supp. 2d 1335, 1338 (M.D. Fla. 1998) ("Plaintiff[ ] in this case [does] not have a private right of relief for [Defendant's] alleged past discovery misconduct."). For this reason, the court will not grant Plaintiff's request for sanctions against Defendants.

In sum, Plaintiff was required to allege, in one proceeding, *all claims* arising out of a single set of operative facts. *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361 (7th Cir. 1988). Plaintiff had knowledge of the claims contained in the instant suit while *Scholz I* was ongoing, and rather than attempt to amend her complaint to include her new claims, Plaintiff filed an entirely new suit based on the same set of core operative facts. This is claim splitting pure and simple. Accordingly, Plaintiff's suit is barred by the rule against claim splitting. Because the court determines that the entirety of Plaintiff's complaint is barred by the rule against claim splitting, the court will not address any of the remaining arguments.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the amended complaint (Dkt. No. 11) is **GRANTED**. Defendants' motion to dismiss the original complaint (Dkt. No. 8) is **DENIED** as moot. This case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 8th day of June, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court